**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Timothy Jackson,<br><br>                Plaintiff,<br><br>-vs-<br><br><br><br>Sunrise Credit Services, Inc. and IC Systems, Inc.,<br><br>                Defendant. | Civil Action No.: 1:22-cv-04745-KMW-SAK<br><br><br>**DEFENDANT SUNRISE CREDIT**<br>**SERVICES, INC.'S ANSWER AND**<br>**<u>AFFIRMATIVE DEFENSES</u>** |

Defendant Sunrise Credit Services, Inc. ("Defendant" or "Sunrise"), by and through its undersigned attorneys, as and for its Answer to Plaintiff's Complaint, hereby states as follows:

**I. INTRODUCTION**

1. Defendant admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act ("FDCPA"), but denies that he has a valid basis for doing so, and denies all remaining allegations set forth in Paragraph 1 of the Complaint.

**II. JURISDICTION AND VENUE**

2. Defendant admits that this Court has Jurisdiction over the instant Action and that venue in this District is proper, but denies that violations of 15 U.S.C. § 1692 et seq., took place.

**III. PARTIES**

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's residence as set forth in Paragraph 3 of the Complaint. Defendant further responds that whether Plaintiff is a consumer pursuant to the FDCPA calls for a legal conclusion to which no

1

response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains no allegations against Sunrise and, therefore, no response from it is required.

6. Defendant admits that it engages in the collection of debts, some of which are owed by consumers, and may use mail and telephone in its attempt to collect such debts. To the extent the allegations in this Paragraph imply or allege a violation of the FDCPA, they are denied. No reply from Sunrise is required as to the allegations set forth against Defendant IC System, Inc.

## IV. FACTS OF THE COMPLAINT

7. Defendant responds that whether it is a "debt collector" pursuant to the FDCPA calls for a legal conclusion to which no response from Defendant is required.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies same.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains no allegations against Sunrise and, therefore, no response from it is required.

12. Defendant admits that it received a letter from Plaintiff, which speaks for itself, and denies the remaining allegations set forth in Paragraph 12 of the Complaint. To the extent the allegations in this Paragraph imply or allege a violation of the FDCPA, they are denied.

13. Paragraph 13 of the Complaint contains no allegations against Sunrise and, therefore, no response from it is required.

14. Paragraph 14 of the Complaint contains no allegations against Sunrise and, therefore, no response from it is required.

15. Defendant admits that Plaintiff called Sunrise on or about July 19, 2022, but denies the remaining allegations set forth in Paragraph 15 of the Complaint. To the extent the allegations in this Paragraph imply or allege a violation of the FDCPA, they are denied.

16. Defendant denies the allegations directed to Sunrise as set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

## V. FIRST CLAIM FOR RELIEF
### (Defendant SUNRISE CREDIT SERVICES, INC.)
### 15 U.S.C. §§1692e(2), 1692e(8)

18. Defendant repeats and reiterates its responses to the foregoing paragraphs as if fully set forth herein.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

## VI. SECOND CLAIM FOR RELIEF
### (Defendants SUNRISE CREDIT SERVICES, INC. and IC SYSTEM, INC.)
### 15 U.S.C. §§1692e(2), 1692e(8)

22. Defendant repeats and reiterates its responses to the foregoing paragraphs as if fully set forth herein.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint contains no allegations against Sunrise and, therefore, no response from it is required.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks a trial by jury but denies his entitlement for any relief sought.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are attributed, in whole or in part, to the acts or conduct of another party or third party, including any contributory negligence on behalf of the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred, in whole or in part, due to his failure to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Complaint, Defendant acted in good faith and with due care and diligence, and acted with no malice or intent to injure, harm, deceive, misrepresent to, defraud, or otherwise harass Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a *bona fide error*, despite Defendants' maintenance of procedures reasonably adapted to avoid any such violations or errors. *See* 15 U.S.C. § 1692k.

Case 1:22-cv-04745-KMW-SAK   Document 7   Filed 09/02/22   Page 5 of 5 PageID: 35

5

**WHEREFORE,** Defendant, Sunrise Credit Services, Inc. respectfully requests that this Court enter judgment against the Plaintiff and in favor of the Defendant, including all costs of this suit.

Dated:  September 2, 2022

                                    THE SALVO LAW FIRM, P.C.


                                    By: /s/ Cindy D. Salvo
                                         CINDY D. SALVO

                                    185 Fairfield Ave, Suite 3C/3D
                                    West Caldwell, New Jersey 07006
                                    (973) 226-2220
                                    (973) 900-8800 (fax)
                                    *csalvo@salvolawfirm.com*

                                    Attorneys for Defendant,
                                    Sunrise Credit Services, Inc.